[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Defendant-appellant Tige Carter appeals his conviction for robbery, a felony of the second degree. Carter pleaded guilty to the offense, and, in exchange, the state dismissed one count of aggravated robbery and an unrelated community-control violation, and terminated the community control. The plea also involved an agreed sentence of two years.
{¶ 3} On appeal, counsel for Carter has filed a brief in accordance with Anders v. California,[1] stating that counsel has conscientiously reviewed the record and can discern no reversible errors in the trial proceedings. Carter's counsel has sought to withdraw from representation and requests that this court, consistent with Anders, independently review the record to determine whether the proceedings below were free from prejudicial error. Carter, acting pro se, raises eleven assignments of error.
{¶ 4} After reviewing the entire record, we are satisfied that Carter's counsel has provided her client with a diligent and thorough search of the record and that she has correctly concluded that the proceedings below were free of prejudicial error. The record reflects that the trial court, pursuant to Crim.R. 11, scrupulously ensured that Carter's plea was made knowingly and voluntarily. We conclude that all of Carter's assignments of error are without merit and that the appeal is wholly frivolous.
 {¶ 5} Therefore, we overrule counsel's motion to withdraw and affirm the judgment of the trial court.
{¶ 6} Although we hold that this appeal is frivolous under App.R. 23 and without "reasonable cause" under R.C. 2505.35, we refrain from taxing costs and expenses against Carter because he is clearly indigent.
{¶ 7} Further, a certified copy of this Judgment Entry shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Gorman and Sundermann, JJ.
[1] (1967), 386 U.S. 738, 87 S.Ct. 1396.